683 So.2d 1084 (1996)
Z.F., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1517.
District Court of Appeal of Florida, Fifth District.
November 1, 1996.
James B. Gibson, Public Defender, and James R. Wulchak, Assistant Public Defender, Daytona Beach, for Appellant.
No Appearance for Appellee.
HARRIS, Judge.
Z.F., a juvenile, was convicted below and his trial attorney (Public Defender), in order to preserve the juvenile's right to appeal, filed a Notice of Appeal. When no brief was filed, we inquired of the appellate office of the Public Defender why the appeal was not proceeding. In response, we were advised that the trial court had not appointed the office of the Public Defender for the purpose of appeal because it found that the parents of the juvenile were not indigent. Therefore, section 27.51(2) Florida Statutes, prevents the appointment of the Public Defender for the purpose of appeal. The father of the juvenile, after the trial court ruled on indigency, decided not to proceed with an appeal in this matter.
Before merely dismissing this appeal, we should decide whether section 27.52(2)(d), Florida Statutes binds the parents to fund an appeal which they believe, for whatever reason, is inappropriate. We believe that, except under unusual circumstances not apparent from this record, that the parents, as natural guardians of the child, are free to make this decision. We recognize that section 27.52(2)(d) provides:
A nonindigent parent or legal guardian of a dependent person under the age of 18 years shall furnish such person with the necessary legal services and costs incident to a delinquency proceeding in which the person has a right to legal counsel under the Constitution of the United States or the Constitution of the State of Florida. (Emphasis added).
*1085 We concede that this section includes appeals. But even though the statute permits the court to appoint the office of the Public Defender or a private attorney to represent the youth in an appeal if the nonindigent parent or guardian will not employ counsel (and to assess costs against them in an amount up to $1,250), in order to do so, the appeal must constitute "necessary legal services". And the mere filing of a Notice of Appeal in order to preserve appellate rights does not make a determination that an appeal is necessary or even desirable. Who should determine what is a necessary legal service? The parents may feel, after hearing the testimony, that the child would benefit more by admitting his mistake and getting on with his life. Or they may feel that the matter is so unimportant to the child's future that the family would benefit more from having the $1,250 for other uses. This appears to be the type decision appropriately left to the parents.
But what if a conflict exists between the interest of the parents and the interest of the child. Suppose, for example, that the parents are the victims of the child's alleged crime. Say he allegedly steals their TV set in order to buy drugs. If they bring the charges in the first place, they may well object to paying the costs of his trial and appeal. But in such case, there is always the possibility that the child might actually be innocent of the charge or his rights might have been violated during his arrest or trial and it would seem inappropriate to deny him an appeal. Under these circumstances, even though the appointment of counsel should be considered, requiring the parents to pay the costs would be questionable at best. There is also the possibility that the youth may have a legitimate appeal on an important issue that may dramatically affect his future but the parents elect not to appeal solely from financial considerations.
We submit that when the court announces the defendant's right to appeal (or as soon thereafter as practical so that if a guardian ad litem is appointed, he or she can make a recommendation within the 30-day appeal period), it should determine whether the juvenile is entitled to the appointment of an attorney under the statute. If it appears that the parents are nonindigent, the court should solicit the views of the trial attorney and the parents as to whether an appeal would constitute "necessary legal services." If the court has any doubt, it should remove the parents as the decision maker on this issue and appoint a guardian ad litem in their place. If the court determines that an appeal is a "necessary legal service", then an attorney should be appointed for that purpose. If the court finds that an appeal, under the circumstances of the case, is not necessary, then it should decline to appoint an attorney. In that event, no Notice of Appeal will be automatically filed. If an attorney files an appeal without proper appointment, then a recovery of a fee, if a fee is expected, is the attorney's responsibility.
In the case at bar, the court merely found that the parents were not indigent. No further action on the appeal was considered or taken. We simply cannot tell from this record what the circumstances of this case are. We remand to the trial court for a determination as to whether the decision not to appeal was a legitimate parental decision or whether, after discussing the matter with trial counsel and the parents, and after considering other relevant matters, there remains "necessary legal services" to be performed in this appeal.
REMANDED.
COBB and GRIFFIN, JJ., concur.